IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY E. STARKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 10-cv-3323 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

The Motion to Dismiss [d/e 7], filed by Respondent United States of America, is allowed for the following reasons.

I.

Petitioner Larry E. Starks filed a Motion to Vacate, Set Aside or Correct Sentence [d/e 1] on December 8, 2010, pursuant to 28 U.S.C. § 2255. In the Motion [d/e 1], the Petitioner raised the following claims: insufficiency of indictment, illegal arrest, ineffective assistance of counsel, and a claim related to drug weight.

1

The Petitioner subsequently provided additional information about his original claims, *see* First Motion to Supplement [d/e 6], and added more claims: involuntary plea agreement, grand jury perjury, and breach of plea agreement, *see* Second Motion to Supplement [d/e 9] and Third Motion to Supplement [d/e 12].

On January 13, 2011, Respondent United States filed a Motion to Dismiss Petitioner's Motion [d/e 7]. The Government argued that the Petitioner waived his rights to collaterally attack his sentence in his plea agreement with the Government. *See* Motion to Dismiss [d/e 7]. The Government cited authority from the U.S. Court of Appeals regarding the enforceability of collateral attack waivers. *See id.*

The relevant portion of the plea agreement states the following:

> The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorneys, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant

specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone not withstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, including the opportunity to cooperate with the United States, <u>the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence</u> so long as the sentence is within the maximum provided in the statutes of conviction.

Plea Agreement [d/e 14] in Case No. 09-cr-30070, ¶ 30, pages 10-11 (emphasis added).

The Petitioner responded to the Motion to Dismiss, stating the following:

> Petitioner does not allege his acceptance of the Plea Agreement and waiver was unknowingly or involuntary. Rather, Petitioner alleges that his waiver was improper because Counsel did not provide adequate assistance by improperly coercing Petitioner into accepting the terms of the waiver; when there was sufficient evidence in the Discovery Material that clearly established <u>indictment insufficiency</u> (incurable defect that contained a prejudicial variance

3

> between the allegations and the proof), <u>illegal arrest</u> (Zealous unconstitutional conduct that led to the fabrication of the Document of Certification for Probable Cause for arrest with a warrant).

Response [d/e 8], page 1 (emphasis in original).

In the remainder of his Response, the Petitioner reiterated his allegations regarding an insufficient indictment and that his arrest was illegal. He further stated that defense counsel had a conflict of interest. The Petitioner argued that, but for ineffective assistance of counsel, he would have gone to trial.

In its Reply [d/e 10], the Government asserted that the Petitioner's arguments are not directly related to the negotiation of the waiver of collateral attack rights. The Government argued that the Petitioner's arguments "are merely a restatement of other ineffective claims that are barred by the waiver." Reply [d/e 10], page 2.

The Petitioner then filed his "Traverse Motion in response to the Government's Reply" [d/e 13]. In that document, the Petitioner again argues that the collateral attack waiver is invalid, because he pled guilty to an indictment that lacked sufficiency.

II.

The U.S. Court of Appeals for the Seventh Circuit has repeatedly held that a proper waiver of the right to collaterally attack a sentence under 28 U.S.C. § 2255 will be enforced. *See Roberts v. United States*, 429 F.3d 723, 724 (7th Cir. 2005) (dismissing a § 2255 appeal on the basis of waiver while noting that the court has "never been reluctant to hold criminal defendants to their promises"); *Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable"); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000).

There are only two exceptions to the enforceability of such a waiver: (1) if it was involuntary, or (2) if there is a claim of ineffective assistance of counsel in connection with the negotiation of the waiver. *See Mason*, 211 F.3d at 1069.

Any claim must tie directly to the negotiation of the waiver, not merely to the plea agreement generally, or to the decision to plead guilty. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("we reiterate that waivers are enforceable as a general rule; the right to mount

a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

Here, the Petitioner has admitted that the waiver was not involuntary, but argues that he received ineffective assistance of counsel. The Petitioner argues that counsel was ineffective because he encouraged the Petitioner to plead guilty, even though the indictment was allegedly insufficient.

The Court does not buy the Petitioner's bootstrapping argument.

The Court concludes that the Petitioner's ineffective assistance claims are not <u>directly</u> related to the negotiation of the collateral attack waiver.

After carefully reviewing the record in the Petitioner's criminal case, the Court concludes that there is no legitimate reason to suspect that the Petitioner's waiver of his collateral attack rights was either involuntary or the result of ineffective assistance of counsel.

Therefore, the Petitioner's claims are barred by the waiver.

III.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quotation marks omitted).

Reasonable jurists would not dispute that this action is barred by the waiver contained in the plea agreement. Accordingly, the Court will not issue a certificate of appealability. If the Petitioner wishes to appeal this Court's ruling, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

V.

*Ergo*, the Government's Motion to Dismiss [d/e 7] is ALLOWED.

7

The Petitioner's Motion to Vacate, Set Aside or Correct Sentence [d/e 1] is DISMISSED WITH PREJUDICE.

All pending motions are DISMISSED AS MOOT.

IT IS SO ORDERED.

ENTER: May 11, 2012

FOR THE COURT: /s/ Richard Mills
Richard Mills
United States District Judge